UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALKATHI, INC.,

                Plaintiff,                    Case No: 2:20-cv-11452-GAD-EAS

v                                      Hon. Gershwin A. Drain
                                      Mag. Judge Elizabeth A. Stafford

PRIMEONE INSURANCE COMPANY,
a foreign insurance corporation,        **Jury Trial Demanded**

                Defendant.

_____

| | |
|---|---|
| DOUGLAS G. McCRAY (P55568) | DAVID J. BERKAL (P39098) |
| CHARLOTTE E. McCRAY (P82502) | THE BERKAL LAW FIRM, PLLC |
| McCRAY LAW OFFICE, PLLC | Attorneys for Defendant |
| Attorneys for Plaintiff | 15635 W. 12 Mile Rd., Ste. 200 |
| 9864 E. Grand River, Ste. 110-305 | Southfield, MI 48076 |
| Brighton, MI 48116 | (248) 552-1900/Fax (248) 552-1917 |
| (734) 648-8030 | dberkal@berkallaw.com |
| doug@mccraylawoffice.com | |

_____

**DEFENDANT PRIMEONE INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT [Dkt. No. 9]**

        Defendant, PrimeOne Insurance Company ("PrimeOne"), by and through its

attorneys, The Berkal Law Firm, PLLC, states as follows as its answer to

Plaintiff's First Amended Complaint:

## NATURE OF THE ACTION

To the extent that Plaintiff's introduction contains allegations to which a response is required, PrimeOne denies the allegations for the reasons set forth in this Answer and/or in its Affirmative Defenses.

## THE PARTIES

1. The Plaintiff Alkathi Inc. is and at all relevant times was a domestic corporation incorporated in Michigan with its principal place of business in Michigan, and doing business as Spirit Gas in Wayne County. Plaintiff is a citizen of Michigan for purposes of diversity jurisdiction.

**ANSWER:** PrimeOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's First Amended Complaint.

2. Defendant PrimeOne Insurance Company (hereafter "PrimeOne" or "Defendant") is a foreign corporation incorporated in the State of Utah and domiciled in Utah, with its principal place of business in the State of California, and is a citizen of Utah and California for purposes of diversity jurisdiction.

**ANSWER:** PrimeOne admits only that it is domiciled in Utah and that its principal place of business is located in the State of California.

## JURISDICTION AND VENUE

3. The amount in controversy exceeds $75,000.

**ANSWER:** PrimeOne admits.

4.    Jurisdiction is proper in this Court based on diversity of citizenship pursuant to 28 USC § 1332.

**ANSWER:** PrimeOne does not contest this Court's jurisdiction.

5.    Venue is proper under 28 USC 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district, and the property that is the subject of the action is located in this district.

**ANSWER:** PrimeOne does not contest venue.

## FACTS

6.    Prior to November 19, 2018, Defendant issued to its insured Alkathi Inc. a policy of insurance (policy no. PPK0001025-18), a copy of which is attached as Exhibit 1, which covered the building leased and business personal property owned by Plaintiff and located at 15303 Fenkell St., Detroit, Michigan, against losses caused by fire and other hazards, and provided coverage for loss of business income.

**ANSWER:** PrimeOne admits the issuance of Policy No. PPK0001025-18 to

Alkathi Inc. insuring certain real and personal property located at 15303 Fenkell

Ave., Detroit, Michigan and providing business interruption coverage subject to all

the terms, forms, conditions and endorsements of its policy.

7.    All premiums had been paid and the subject policy was in full force and effect and covered the referenced property at all relevant times, including November 19, 2018.

**ANSWER:** No contest.

8.    On or about November 19, 2018, the referenced property was intentionally set on fire by an arsonist (which was captured by the store's security camera) as a result of which the insured building and business personal property were severely damaged and Plaintiff suffered a loss of business income.

3

**ANSWER:** PrimeOne admits only that an intentionally set fire occurred at the insured property on November 19, 2018 which resulted in damage to the insured property. PrimeOne lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of Plaintiff's First Amended Complaint.

9. Plaintiff notified Defendant that it had suffered the loss set forth above and otherwise complied with all conditions precedent to coverage under the policy or alternatively was excused from doing so by, among other things, Defendant's denial of the claim.

**ANSWER:** PrimeOne admits only that it received notice of the subject fire. PrimeOne denies the remaining allegations of paragraph 9 for the reasons stated in its Affirmative Defenses.

10. Defendant failed and refused to make payment to Plaintiff in accordance with Michigan law and the requirements of the insurance policy it issued, instead issuing a coverage position letter denying the claim based upon (among other things) its assertions that:

a. the business-owner's brother "set or procured the setting of the fire" notwithstanding a complete absence of evidence that this occurred and video- evidence to the contrary; and

b. Plaintiff "[f]ail[ed] to cooperate in connection with the production of the corporate shareholder to provide an Examination Under Oath" when Defendant was fully aware: (1) the owner was in civil war-torn Yemen keeping his family alive; (2) he nonetheless provided a recorded video-interview, at which the witness could have been sworn in and testimony transcribed but defense counsel did not provide a court reporter or seek to have the witness sworn.

4

**ANSWER:** PrimeOne admits that it has made no payment to Plaintiff for the reasons set forth in its Affirmative Defenses.  In further response:

      a.      PrimeOne admits that one of the reasons that it denied Plaintiff's claim is that evidence of motive and opportunity exists supporting PrimeOne's denial of Plaintiff's claim on the basis that the claimed loss was fraudulently procured by a person or persons in  control of the insured business.  PrimeOne denies the remaining allegations of  paragraph 10 a. for the reason that they are untrue.

      b.      PrimeOne admits that one of the reasons that it denied Plaintiff's claim is Plaintiff's failure to cooperate in the production of a corporate shareholder for the purposes of appearing for an Examination Under Oath as required by the terms and conditions of Plaintiff's policy.  PrimeOne lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 b. of Plaintiff's First Amended Complaint.

## COUNT I (Breach of Contract)

    11.    Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above, as if fully set forth herein.

**ANSWER:** PrimeOne incorporates by reference its answers to paragraphs one through ten of Plaintiff's First Amended Complaint as if set forth herein verbatim.

    12.    At all relevant times, Defendant PrimeOne owed Plaintiff a duty to act fairly and reasonably in investigating and timely paying its

claim in accordance with Michigan law and the policy Defendant issued.

**ANSWER:** PrimeOne admits only those duties imposed upon it by the terms and conditions of the insurance policy issued to Plaintiff and/or by Michigan law. PrimeOne lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of Plaintiff's First Amended Complaint.

13. Defendant, through its agents, representatives, employees, investigators and/or contractors, failed to act fairly and reasonably in investigating, adjusting, and paying Plaintiffs' claim. Defendant's wrongful and dilatory conduct included:

    a. Failing to make prompt payment of Plaintiff's claim as required by the policy and Michigan law;

    b. Creating specious defenses to payment rather than fairly and honestly determining Defendant's liability to Plaintiffs; and

    c. Raising false defenses to payment in an attempt to avoid, delay or compromise payment of Plaintiffs claims and appraisal when Defendant and/or its agents, employees, representatives and retained consultants lacked sufficient evidence to support the defenses raised or knew or reasonably should have known that such defenses lacked merit.

**ANSWER:** PrimeOne denies the allegations of paragraph 13 a. – c. of Plaintiff's First Amended Complaint for the reasons stated in its Affirmative Defenses.

14. Said actions by Defendant constituted a material and substantial breach of Defendant's insurance contract with Plaintiff, as well as a violation of the Michigan Insurance Code.

6

**ANSWER:**  PrimeOne denies the allegations of paragraph 14 of Plaintiff's First

Amended Complaint for the reasons stated in its Affirmative Defenses.

15.   As a result of Defendant's breach of contract and violation of
Michigan law, Plaintiff has suffered economic harm, Defendant
remains indebted to Plaintiff for its loss and Plaintiff is entitled to the
full replacement cost of its loss without deductions for depreciation,
as well as penalty interest pursuant to MCL 500.2006.

**ANSWER:** PrimeOne denies that it has wrongfully or illegally denied Plaintiff's

insurance claim for the reasons stated in its Affirmative Defenses.  PrimeOne lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 15 of Plaintiff's First Amended

Complaint.

WHEREFORE and for the foregoing reasons Defendant, PrimeOne

Insurance Company, requests this Court to enter a judgment of no cause of action

and award Defendant costs and attorney fees so wrongfully incurred.

### COUNT II (Appraisal)

16.   Plaintiff re-alleges and incorporates by reference paragraphs 1-15
above, as if fully set forth herein.

**ANSWER:** Defendant incorporates by reference its answers to paragraphs one

through fifteen of Plaintiff's First Amended Complaint as if set forth herein

verbatim.

17.   MCL 500.2833(1) and (1)(m) dictate that each fire insurance policy
issued in the State of Michigan must provide that if the parties fail to
agree upon the actual cash value or amount of loss, either may

demand that it be set by appraisal, following which each must select an appraiser, provide notice of the appraiser's identity and otherwise proceed with appraisal. The subject policy contains a similar appraisal provision, and is subject to the requirements of MCL 500.2833(1) and (1)(m).

**ANSWER:** PrimeOne admits only those duties imposed upon it by the terms and conditions of the insurance policy issued to Plaintiff and/or by Michigan law. PrimeOne lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of Plaintiff's First Amended Complaint.

18. Under Michigan law, if appraisal has been demanded disputes regarding the actual cash value and/or amount of loss must be determined by appraisal following resolution by the Court of any "coverage issues" that may exist.

**ANSWER:** PrimeOne admits only those duties imposed upon it by the terms and conditions of the insurance policy issued to Plaintiff and/or by Michigan law. PrimeOne lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of Plaintiff's First Amended Complaint.

19. By this Complaint, Plaintiff demands that any dispute that may exist regarding the actual cash value and/or amount of loss be resolved by appraisal pursuant to MCL 500.2833(1) and (1)(m) and the insurance policy, which triggers Defendant's obligation to proceed to appraisal as to any and all such disputes following the Court's resolution of any coverage issues that may exist.

**ANSWER:** No response is required to paragraph 19 of Plaintiff's First Amended

Complaint because the paragraph contains no allegations; only a demand for relief.

WHEREFORE, for all of the foregoing reasons, Defendant, PrimeOne

Insurance Company, requests this Court to enter a judgment of no cause of action

and award Defendant costs and attorney fees so wrongfully incurred.

### COUNT III (Rule 11 sanctions)

20. Plaintiff re-alleges and incorporates by reference paragraphs 1-19
    above, as if fully set forth herein.

**ANSWER:** Defendant incorporates by reference its answers to paragraphs one

through nineteen of Plaintiff's First Amended Complaint as if set forth herein

verbatim.

21. Pursuant to Fed. R. Civ. P. 11(b), "[b]y presenting to the court a
    pleading, written motion, or other paper—whether by signing, filing,
    submitting, or later advocating it—an attorney or unrepresented party
    certifies that to the best of the person's knowledge, information, and
    belief, formed after an inquiry reasonable under the circumstances:

                                  * * *

(3) the factual contentions have evidentiary support or, if specifically so
    identified, will likely have evidentiary support after a reasonable
    opportunity for further investigation or discovery . . .

**ANSWER:** PrimeOne admits only those responsibilities imposed upon it by Fed.

R. Civ. P. 11(b). PrimeOne lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in paragraph 21 of

Plaintiff's First Amended Complaint.

22.   Upon information and belief, the second paragraph Defendant's first affirmative defense, as well as its second, third and fourth affirmative defenses, do not meet the threshold requirement regarding "evidentiary support" set forth in Fed. R. Civ. P. 11(b)(3).

**ANSWER:** The allegations of Paragraph 22 of Plaintiff's First Amended Complaint fail to state a claim upon which relief can be granted and, consequently, a responsive pleading is not required.

In further response, the referenced affirmative defenses adequately provide Plaintiff with "fair notice" of the nature of the defenses being asserted as required by Fed. R. Civ. P. 8(b)(1) and Fed. R. Civ. P. (8)(d)(1) and, consequently, no additional factual basis is necessary to sufficiently plead them.

22 (sic)   Consequently, and subject to the requirements set forth in Fed. R. Civ. P. 11(c) and the Court's discretion as set forth in subsection (c)(1), Plaintiff may be entitled to sanctions as set forth in subsection 4, including but not limited to reasonable attorney's fees.

**ANSWER:**

No response is required to paragraph 22 (sic) of Plaintiff's First Amended Complaint because the paragraph contains no allegations; only a demand for relief. In further response, Defendant (a) denies that any of its affirmative defenses pled in response to Plaintiff's Complaint and/or in response to Plaintiff's First Amended Complaint have been asserted for any improper purpose and (b) asserts that its defenses are warranted by existing law and are supported by evidence.

10

Additionally, Plaintiff's request for Rule 11 sanctions is procedurally incorrect.  The Federal Rules of Civil Procedure require that a request (a) for Rule 11 sanctions, (b) to strike a pleading pursuant to Fed. R. Civ. P. 12(f) and/or (c) for a more definite statement pursuant to Fed. R. Civ. 12(e) be made by motion.

WHEREFORE, for all of the foregoing reasons, Defendant, PrimeOne Insurance Company, requests this Court to enter a judgment of no cause of action and award Defendant costs and attorney fees so wrongfully incurred.

Respectfully submitted,

THE BERKAL LAW FIRM, PLLC

By: /s/ David J. Berkal
DAVID J. BERKAL (P39098)
Attorneys for Defendant
15635 W. 12 Mile Road, Suite 200
Southfield, MI 48076
(248) 552-1900/Fax (248) 552-1917
DATED:  August 4, 2020          Email: dberkal@berkallaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALKATHI, INC.,

        Plaintiff,                      Case No: 2:20-cv-11452-GAD-EAS

v                                     Hon. Gershwin A. Drain
                                     Mag. Judge Elizabeth A. Stafford

PRIMEONE INSURANCE COMPANY,
a foreign insurance corporation,

        Defendant.
_____

| | |
|---|---|
| DOUGLAS G. McCRAY (P55568) | DAVID J. BERKAL (P39098) |
| CHARLOTTE E. McCRAY (P82502) | THE BERKAL LAW FIRM, PLLC |
| McCRAY LAW OFFICE, PLLC | Attorneys for Defendant |
| Attorneys for Plaintiff | 15635 W. 12 Mile Rd., Ste. 200 |
| 9864 E. Grand River, Ste. 110-305 | Southfield, MI 48076 |
| Brighton, MI 48116 | (248) 552-1900/Fax (248) 552-1917 |
| (734) 648-8030 | dberkal@berkallaw.com |
| doug@mccraylawoffice.com | |

_____

**DEFENDANT PRIMEONE INSURANCE COMPANY'S
AFFIRMATIVE AND/OR SPECIAL DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, PrimeOne Insurance Company, by and through its attorneys, The

Berkal Law Firm, PLLC, as its Affirmative and/or Special Defenses to Plaintiff's

First Amended Complaint, states as follows:

**First Defense**
**<u>Failure To State A Claim</u>**

The allegations of Paragraphs 21, 22 and 22 (sic) of Plaintiff's First

Amended Complaint fail to state claims upon which relief can be granted.

**Second Defense**
**<u>Concealment or Fraud</u>**

The insurance policy at issue in this case provided, in pertinent part:

**A.   CONCEALMENT, MISREPRESENTATION OR FRAUD**

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1.   This Coverage Part;

2.   The Covered Property;

3.   Your interest in the Covered Property; or

4.   A claim under this Coverage Part.

[CP 00 90 07 88, Commercial Property Conditions, ¶A.]

Plaintiff's claims may be barred as the result of fraudulent conduct, false

swearing, misrepresentations and/or concealments of material facts relating to,

among other things:

a.   the financial condition, operation and experience of the business and the individuals associated with the business;

2

b.    the facts and circumstances surrounding the subject loss;

c.    the true amount of Plaintiff's loss; and/or

d.    the intentional inflation of the amount of Plaintiff's loss.

### Third Defense
### Failure to Cooperate

Plaintiff's claims may be barred by its failure to cooperate with PrimeOne's investigation of its claim by, among other failures, failing to produce the corporate shareholder for the requested Examination Under Oath as required by the terms and conditions of the policy issued to Plaintiff.

### Fourth Defense
### Intentional Loss

Plaintiff's claims may be barred because the fire that damaged the insured property was intentionally procured by a person or persons in control of the insured corporation.

### Fifth Defense
### Failure To Comply With Coverage Conditions

Plaintiff's claims may be barred because the insured failed to repair damaged business property before the subject fire occurred resulting in a risk which failed to comply with PrimeOne's underwriting conditions for coverage.

### Sixth Defense
### Co-Insurance Requirements

Plaintiff's claim is subject to a significant co-insurance penalty.

3

**Seventh Defense**
**Limits of Liability**

Plaintiff is not entitled to the recovery, if any, of amounts in excess of the limits of coverage afforded under the subject insurance policy.

**Eighth Defense**
**Failure To Mitigate**

Plaintiff's claimed loss is barred in whole or in part by Plaintiff's failure to mitigate its damages.

**Ninth Defense**
**Defective Procedure**

Plaintiff's request for Rule 11 sanctions in a pleading is procedurally incorrect.  The Federal Rules of Civil Procedure require that a request (a) for Rule 11 sanctions, (b) to strike a pleading pursuant to Fed. R. Civ. P. 12(f) and/or (c) for a more definite statement pursuant to Fed. R. Civ. 12(e) be made by motion.

**Reservation of Rights**

Defendant PrimeOne Insurance Company reserves its right to add to, supplement, modify, change, or amend any and all affirmative and/or special defenses hereto, as facts and circumstances become known to it through further investigation and/or discovery.

THE BERKAL LAW FIRM, PLLC

By: */s/ David J. Berkal*
DAVID J. BERKAL (P39098)
Attorneys for Defendant
15635 W. 12 Mile Road, Suite 200
Southfield, MI 48076
(248) 552-1900/Fax (248) 552-1917
DATED:  August 4, 2020          Email:  dberkal@berkallaw.com

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALKATHI, INC.,

            Plaintiff,                      Case No: 2:20-cv-11452-GAD-EAS

v                                    Hon. Gershwin A. Drain
                                    Mag. Judge Elizabeth A. Stafford

PRIMEONE INSURANCE COMPANY,
a foreign insurance corporation,

            Defendant.

_____

| | |
|---|---|
| DOUGLAS G. McCRAY (P55568) | DAVID J. BERKAL (P39098) |
| CHARLOTTE E. McCRAY (P82502) | THE BERKAL LAW FIRM, PLLC |
| McCRAY LAW OFFICE, PLLC | Attorneys for Defendant |
| Attorneys for Plaintiff | 15635 W. 12 Mile Rd., Ste. 200 |
| 9864 E. Grand River, Ste. 110-305 | Southfield, MI 48076 |
| Brighton, MI 48116 | (248) 552-1900/Fax (248) 552-1917 |
| (734) 648-8030 | dberkal@berkallaw.com |
| doug@mccraylawoffice.com | |

_____

**DEFENDANT'S CERTIFICATE OF SERVICE**

      I hereby certify that on August 4, 2020, I electronically filed Defendant's Answer to Plaintiff's First Amended Complaint and Affirmative Defenses with the Clerk of the Court using the ECF system which will send notification of such filings to all counsel of record.

                            */s/ David J. Berkal*_____