UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALKATHI, INC.,

Plaintiff,

v.

PRIMEONE INS. CO.,

Defendant.

_____/

Case No. 20-cv-11452

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#21] AND GRANTING PLAINTIFF'S MOTION *IN LIMINE* [#26]

### I. INTRODUCTION

On June 4, 2020, Plaintiff Alkathi Inc., d/b/a Spirit Gas, commenced the instant action against Defendant PrimeOne Insurance Company to collect a claim on the parties' insurance policy.  ECF No. 1, PageID.1.  Alkathi alleges that PrimeOne breached the policy by not covering losses Alkathi suffered when its gas station burnt down.  ECF No. 9, PageID.63.  The relief sought is a judgment finding PrimeOne breached the insurance policy, and that an appraisal of coverage resolve any dispute regarding value lost.  *Id.* at PageID.67–68.

Presently before the Court is Alkathi's Motion for Summary Judgment, filed on April 9, 2021.  ECF No. 21, PageID.125.  In its April 30, 2021, Response in Opposition, PrimeOne explains it denied coverage because Alkathi allegedly: (1)

1

committed insurance fraud; (2) lied about the business's finances; and (3) failed to abide by the insurance policy's Examination Under Oath requirement.  ECF No. 22, PageID.528.  Alkathi submitted a Reply in support of its Motion for Summary Judgment on May 14, 2021.  ECF No. 23, PageID.620.

Alkathi also submitted a motion *in Limine* on July 16, 2021, to exclude specific references to an anonymous Crime Stoppers of Michigan tip.  *See* ECF No. 26.  PrimeOne filed its Response in Opposition on July 16, 2021.  ECF No. 27, PageID.693.  Alkathi submitted its Reply the following week.  ECF No. 29, PageID.713.  The Court held a hearing on January 6, 2022, at 11:00 a.m.  For the reasons that follow, the Court will DENY Alkathi's Motion for Summary Judgment [#21] and GRANT its motion *in Limine* [#26].

## II. FACTUAL BACKGROUND

Alkathi is a gas station company in Detroit, Michigan, whose sole shareholder is Mukhtar Hassan.[1]  ECF No. 21, PageID.128.  Mukhtar and his brother Nabil immigrated to the United States from Yemen, becoming citizens in 2001.  ECF No. 21-2, PageID.156.  Mukhtar started Alkathi in 2013, and granted Nabil the authority to manage the gas station under a power of attorney.  ECF No. 21-17, at PageID.467.  Mukhtar returned to Yemen in 2014.  ECF No. 21,

---

[1] Because Mukhtar Hassan and his brother Nabil Hassan share a family name, their first names are used for clarity.

PageID.131.  It is unknown "when or if" Mukhtar will ever return to the United States.  *Id.*

The same year Mukhtar started Alkathi, he signed a lease with Fenkell Oil & Gas LLC to lease a gas station in Wayne County, Michigan.  ECF No. 21-2, PageID.156–158.  The lease term ran from September 24, 2013, through December 31, 2019.  ECF No. 22-2, PageID.558.  The lease required Alkathi to pay $3,000 in monthly payments for the first six months, and $4,000 monthly payments the remaining lease term.  *Id.*  The Hassan brothers' income came exclusively from the gas station.  ECF No. 21-17, PageID.468.  Until January 2018, Nabil sent Mukhtar monthly payments from money Alkathi generated.  *Id.* at PageID.476.

While leasing the gas station, Alkathi obtained commercial liability and property insurance from PrimeOne, Policy No. PBK0001025-18.  ECF No. 21-12, PageID.292.  The coverage period ran from February 18, 2018, to February 18, 2019.  *Id.*  The policy covers up to $200,000 for damage to the building, up to $100,000 of personal property damage, and earnings up to $30,000.  *Id.*  Notably, the policy includes a coverage exclusion when the insured intentionally conceals or misrepresents a material fact relating to a claim under the policy.  *Id.* at PageID.321.

Alkathi made its timely lease payments until Nabil engaged in negotiations with Fenkell Oil & Gas to purchase the property.  ECF No. 21-17, PageID.473. Through his new company, Benwassel Properties LLC, Nabil purchased the gas station from Fenkell Oil & Gas on a land contract in September 2018.  *Id.* at PageID.470, 490.  Under the purchase agreement between Benwassel Properties and Fenkell Oil & Gas, Nabil owed $50,000 at the contract's closing, with the remaining $100,000 due later.  ECF No. 21-2, PageID.157.  Nabil paid Fenkell Oil & Gas the initial $50,000 in September 2018, with funds he borrowed from friends and family.[2]  ECF No. 21-17, PageID.468–469.  But that payment was the last one Fenkell Oil & Gas ever received from Nabil, Benwassel Properties, or Alkathi. ECF No. 21-17, PageID.471.  Nabil also never paid back any friends or family he borrowed money from.  ECF No. 21-17, PageID.472.

By October 2018, Alkathi began experiencing financial troubles.  ECF No. 22-3, PageID.574.  The company had insufficient funds to pay its fuel supplier an invoice on October 22, 2018.  *Id.*  To pay for the fuel, Nabil withdrew $7,000 from his Benwassel Properties' account; the same account where he deposited the money he borrowed from friends and family.  *Id.*  Subsequently, Nabil—through

---

[2] Alkathi argues that Nabil borrowed money from friends and family because his faith prohibits paying interest, or riba, that comes with most bank loans.  ECF No. 21, PageID.132.

Benwassel Properties—missed his land contract payment to Fenkell Oil & Gas on November 1, 2018. *Id.*

During the early morning of November 19, 2018, a fire erupted at Alkathi's gas station. ECF No. 21, PageID.466–467. Nabil's high school acquaintance, Sam Mozeb, worked at the gas station the night of the fire. ECF No. 21-17, PageID.478. It was Mr. Mozeb's second night ever working at the gas station. *Id.*

It is undisputed that Chris Frazier set the fire. ECF No. 21, PageID.466–467. Mr. Mozeb saw Mr. Frazier walk into the gas station convenience store "spilling what appeared to be beer" all over the floor. ECF No. 21-17, PageID.205. Mr. Frazier walked throughout the store, up and down the aisles, pouring the liquid everywhere. *Id.* Mr. Mozeb escaped from the building through a backdoor by the cash register. ECF No. 21-10, PageID.285. Surveillance footage shows Mr. Frazier lighting the liquid on fire before exiting the building. ECF No. 21-6, PageID.197. Once he lit the liquid, the whole gas station went ablaze. ECF No. 21-7, PageID.205. Mr. Frazier briefly left the building, only to return with a second bottle of liquid that he threw into the flames, intensifying the fire. ECF No. 21-9, PageID.239.

Local news aired footage of the fire in late November 2018. ECF No. 21-9, PageID.239. Law enforcement's investigation quickly focused on Mr. Frazier,

after Officer Johnathon Hall received an anonymous tip. *Id.* The tip both identified Mr. Frazier and alleged that someone paid him to start the fire. *Id.* at PageID.265. Mr. Mozeb later identified Mr. Frazier as the arsonist in a police line-up. ECF No. 21-10, PageID.284, 286. But charges against Mr. Frazier were dismissed after Mr. Mozeb—the charging witness—failed to appear in Court.[3] ECF No. 22-5, PageID.613. Mr. Mozeb was visiting family in Yemen at the time. ECF No. 21-10, PageID.283. He is now believed to reside in Alabama.

Alkathi sent a loss notice to PrimeOne the same day as the fire. ECF No. 21-13, PageID.410. On April 20, 2020, PrimeOne denied the insurance claim. ECF No. 21-20, PageID.513. Alkathi filed the instant action less than two months later. *See* ECF No. 1.

## III. LAW AND ANALYSIS

Plaintiff brings two motions before the Court: (1) a Motion for Summary Judgment, and (2) a motion *in Limine*. The Court will address the Motion for Summary Judgment first, which contains requests to strike and a request for summary judgment. The Court will then consider Plaintiff's motion *in Limine*.

---

[3] Nabil, Alkathi's Manager, never spoke with authorities about the arson, and never inquired about Mr. Frazier's prosecution either. ECF No. 21-17, PageID.479.

### A. Plaintiff's Request to Strike Defendant's Affirmative Defenses

#### 1. Standard of Review

Rule 12(f) allows courts to "strike from a pleading an insufficient defense[.]" FED. R. CIV. P. 12(f). "Motions to strike affirmative defenses pursuant to Rule 12(f) are generally disfavored." *Fields v. State Farm Mut. Auto. Ins. Co.*, No. 11-15296, 2012 U.S. Dist. LEXIS 47306, at *11 (E.D. Mich. Apr. 3, 2012); *see also Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) ("A motion to strike should be granted if 'it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.'") (quoting *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991)); *Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160, 174 (E.D. Mich. 2006) ("[A] motion to strike should only be granted if there is a clear showing that the challenged defense has no bearing on the subject matter and that permitting the defense to stand would prejudice the plaintiff.").

#### 2. Application to Defendant's Affirmative Defenses

PrimeOne pleads two affirmative defenses: (1) fraud and concealment, and (2) ineffective Examination Under Oath ("EUO"). The Court finds each affirmative defense sufficiently plead to survive a Rule 12(f) request to strike.

### a. Fraud and Concealment

First, PrimeOne's affirmative defense of fraud and concealment is central to this case's subject matter. Defendant cites the insurance policy, which provides that the policy is void "in any case of fraud, intentional concealment or misrepresentation of a material fact[,]" on Alkathi's part. ECF No. 21-12, PageID.344. Plaintiff's pleadings do not establish that PrimeOne's affirmative defense is unproveable. To the contrary, Alkathi's financial situation when the arson happened creates a sufficient inference for the affirmative defense to survive a Rule 12(f) motion to strike. *Cf. G & W Const. Co.*, 783 F.3d at 1050. Additionally, Nabil's indifference to Mr. Frazier's prosecution supports the affirmative defense as well. PrimeOne's fraud and concealment defense is inferable from the pleadings. Alkathi fails to establish otherwise. The Court will therefore deny Alkathi's request to strike PrimeOne's affirmative defense of fraud and concealment.

Alkathi avers that its request to strike the affirmative defense of fraud and concealment is actually a request for dismissal under Rule 9(b). Rule 9(b) requires fraud be alleged with particularity. Parties "must specify 'the who, what, when, where, and how' of the alleged" fraud. *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 256 (6th Cir. 2012) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)). But Rule 9(b)'s pleading requirements do not

apply to fraud as an affirmative defense. *See ZMCC Properties, L.L.C. v. PrimeOne Ins. Co.*, No. 19-12428, 2019 U.S. Dist. LEXIS 236430, at \*12–\*13 (E.D. Mich. Dec. 19, 2019). The Rule is designed for tort claims, and an "injury resulting from the fraud" is not directly applicable to contracts, like an insurance agreement. *See Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993); *see also Stein v. Home-Owners Ins.*, 303 Mich. App. 382, 843 N.W.2d 780, 783 (Mich. Ct. App. 2013) ("[F]raud is only relevant … because the contract *itself* contains an exclusion related to fraud.") (emphasis in original).

Here, Plaintiff presents no caselaw indicating that Rule 9(b)'s pleading requirement applies to defendants who allege fraud as an affirmative defense. At least one court in this district has previously rejected similar arguments. *See ZMCC Properties, L.L.C.*, 2019 U.S. Dist. LEXIS 236430, at \*12–\*13 (E.D. Mich. Dec. 19, 2019). The reason being that Rule 9(b) is designed to place parties "on sufficient notice of the misrepresentation, allowing the [opposing party] to answer, addressing in an informed way [the] claim of fraud." *Coffey*, 2 F.3d at 162. Instead of using Rule 9(b) as a tool for "sufficient notice," Alkathi tries repurposing the Rule to strike PrimeOne's affirmative defense. A different procedural rule guides a party's request to strike: Rule 12(f).

Even if the Court agreed with Alkathi's Rule 9(b) interpretation, courts across the country have routinely declined to entertain Rule 9 arguments at the

9

summary judgment stage.  *See, e.g.*, *Cribari v. Allstate Fire & Cas. Ins. Co.*, 861 F. App'x 693, 706 (10th Cir. 2021) ("Failure to plead with specificity is not a matter for summary judgment."); *Burton v. R.J. Reynolds Tobacco Co.*, 181 F. Supp. 2d 1256, 1262 n.5 (D. Kan. 2002) ("To the extent defendants are suggesting that plaintiff's fraudulent concealment claim should be stricken for failure to comply with Rule 9(b), the court rejects this belated challenge."); *United Nat. Records, Inc. v. MCA, Inc.*, 609 F. Supp. 33, 39 (N.D. Ill. 1984) ("Defendants have had a sufficient opportunity to respond to plaintiffs' charges as contemplated by Rule 9(b).  Accordingly, defendants' contentions regarding plaintiffs' failure to comply with Rule 9(b) have been waived.").  Thus, Alkathi's Rule 9(b) challenge is best characterized as a Rule 12(f) motion to strike.

### b.  Examination Under Oath

PrimeOne also sufficiently plead its affirmative defense challenging Mukhtar's EUO.  Courts routinely recognize insurers' affirmative defense to insurance claims when an insured fails to cooperate with an insurance investigation.  *See, e.g.*, *Henry v. State Farm and Cas. Co.*, No. 14-12004, 2015 U.S. Dist. LEXIS 73014, at *20–*21 (E.D. Mich. July 20, 2015) (dismissing plaintiff's suit after she did not handover material financial documents); *Vertex Int'l Mgmt. Services, L.L.C. v. State Farm Fire and Cas. Co.*, 120 F. Supp. 3d 658,

665 (E.D. Mich. June 29, 2011) (same).  But a different issue emerges when the question shifts from an insured's willful noncompliance with an insurer's investigation, to the sufficiency of compliance.  *See Vertex*, 120 F. Supp. 3d at 666. That is because an insured may not expressly violate the agreement when the question concerns sufficiency.

Here, PrimeOne argues that the insurance agreement is null because Mukhtar failed to attend an EUO.  ECF No. 22, PageID.550.  The policy entitles PrimeOne to "examine any insured under oath" in an unspecified format.  ECF No. 21-12, PageID.315.   Alkathi claims it followed the policy because Mukhtar attended an EUO virtually, which PrimeOne consented to.   ECF No. 21, PageID.150.  Mukhtar was in Yemen when the EUO took place, so holding a virtual format was the parties' only feasible option.  ECF No. 21-19, PageID.501.

The Court finds that PrimeOne sufficiently plead its affirmative defense challenging the EUO's sufficiency.  PrimeOne cites *Thomson v. State Farm Ins. Co.*, in support of its affirmative defense that Alkathi willfully thwarted its investigation efforts by participating in a virtual EUO.  232 Mich. App. 38, 592 N.W.2d 82, 88 (Mich. Ct. App. 1998) ("[I]t will not be sufficient to volunteer, or even to participate in giving, unsworn statements to the insurer.").  Although the plaintiff in *Thomson* outright refused to appear for an EUO, unlike Mukhtar,  592 N.W.2d at 84, Alkathi has not shown with certainty that it will  overcome

11

PrimeOne's affirmative defense. PrimeOne has meet the pleading requirement to survive a request to strike.  Accordingly, the Court will DENY Alkathi's request to strike PrimeOne's affirmative defenses.

### B. Plaintiff's Motion for Summary Judgment

#### 1. Standard of Review

Federal Rule of Civil Procedure 56 permits parties to file a motion for summary judgment when a claim, counterclaim, or crossclaim is asserted against them.  FED. R. CIV. P. 56(b).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).   "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  Ultimately, the court evaluates "whether the evidence presents a sufficient

12

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## 2. Application to Plaintiff's Motion for Summary Judgment

Alkathi requests the Court find PrimeOne liable under the insurance policy as a matter of law.   ECF No. 21, PageID.125.   If a reasonable jury can find Alkathi's insurance claim fraudulent, the Court must deny summary judgment.   *See Samuels v. Allstate Property & Cas. Ins. Co.*, 310 F. Supp. 3d 847, 876–77. Alkathi argues that PrimeOne is liable for three reasons: (1) because the insurance policy was active when the fire destroyed the gas station, (2) the insurance policy covers the fire damage, and (3) Alkathi submitted a timely Proof of Loss.   ECF No. 21, PageID.125.   PrimeOne contends that whether Alkathi committed insurance fraud is a genuine issue of material fact, taking circumstantial evidence into consideration.   ECF No. 22, PageID.544.

"Arson, as a defense to an insurance company's liability under a fire insurance policy, may be proved by circumstantial evidence."   *Johnson v. Auto-Owners Ins. Group*, 202 Mich. App. 525, 509 N.W.2d 538, 539 (Mich. Ct. App. 1993).   To successfully assert the defense, an insurer must demonstrate by a preponderance of the evidence that the insured either set the fire or caused the fire

to occur.  *Id.*  The insurer need not prove motive or opportunity, but both remain relevant factors when determining whether the insured set the fire.  *Id.*  Relevant here, "[f]inancial difficulties paired with insurance and opportunity (access to the building) is sufficient evidence of motive to create a question of fact for the jury." *See Almulaiki v. State Farm Ins. Co.*, No. 10-11531, 2011 U.S. Dist. LEXIS 133774, at *7–*8 (E.D. Mich. Nov. 21, 2011); *see also George v. Travelers Indem. Co.*, 81 Mich. App. 106, 265 N.W. 2d 59, 62 (Mich. Ct. App. 1978) ("Michigan courts have affirmed arson convictions based on circumstantial evidence of motive (such as insurance coupled with business difficulties)[.]").

Viewing the undisputed facts in the light most favorable to PrimeOne, the Court finds genuine issues of material fact exist concerning whether Alkathi committed insurance fraud.  Alkathi experienced financial difficulties when the fire occurred.  Nabil did not pay back family and friends after borrowing money from them.  Nor did he complete his monthly payments to Fenkell Oil & Gas after his company purchased the gas station.  ECF No. 21-17, PageID.471–472.  Nabil also transferred money from his Benwassel Properties account to pay off the gas station's fuel supplier, suggesting Alkathi could not pay the bill.  Nabil's unwillingness or inability to pay is tied directly to Alkathi: his only income source. *Id.* at PageID.468.  Insurance proceeds could also pay off Nabil's debts to his family, friends, and Fenkell Oil & Gas.  ECF No. 21-2, PageID.157.  A factfinder

can reasonably connect Alkathi's financial condition with the Hassan brothers' motive to burn down the gas station.  In the light most favorable to the non-moving party, the Court finds the factual disputes based on Alkathi's financial situation preclude summary judgment.

Alkathi also argues that Nabil's brother—Mukhtar—being in Yemen should relieve Alkathi from having an opportunity to commit insurance fraud.  ECF No. 21, PageID.145.  It is undisputed, however, that Nabil has full authority over Alkathi's operations while his brother lives in Yemen.   ECF No. 21-17, PageID.467.  Mukhtar's whereabouts is therefore immaterial.  Nabil has power of attorney for the company, and Alkathi served as the primary income source for both Hassan brothers.  Either brother could have coordinated with Mr. Frazier to burn the gas station down, for Alkathi to have committed insurance fraud.

Collectively, PrimeOne raises genuine issues of material fact as to whether Alkathi—the Hassan brothers—committed insurance fraud.  Determining either party's credibility is left for the jury to consider.  *See People v. Givans*, 227 Mich. App. 113, 575 N.W.2d 84, 89 (Mich. Ct. App. 1997).  Accordingly, the Court will DENY Alkathi's Motion for Summary Judgment.

### C. Motion *in Limine*

Finally, Alkathi requests that the Court exclude from evidence references to the anonymous Crime Stoppers of Michigan tip that someone paid Mr. Frazier to

start the fire.  *See* ECF No. 26.  The evidence's probative value, Alkathi argues, is substantially outweighed by the risk of unfair prejudice.  PrimeOne responds in opposition that the evidence is admissible under the public record exception of FED. R. EVID. 803(8).  Alternatively, PrimeOne posits that the tip's entry is not sought for the truth of the statement, but to demonstrate its effect on PrimeOne's insurance adjuster.

### 1.  Rule 403

Alkathi claims the anonymous tip will create "unfair prejudice" if presented before a jury.  ECF No. 26, PageID.648.  Courts may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice[.]" FED. R. EVID. 403.  Inadmissible evidence presents "a danger of *unfair* prejudice, not mere prejudice."  *Robinson v. Runyon*, 149 F.3d 507, 514–15 (6th Cir. 1998) (emphasis in original) (citing FED. R. EVID. 403).  "'Virtually all evidence is prejudicial or it isn't material.'"  *Id.* at 515 (quoting *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983)).

The Court agrees that the anonymous tip is unfairly prejudicial.  PrimeOne asserts a need for the evidence because the anonymous tip helped spark its inquiry into Alkathi's insurance claim.  A jury can also find the anonymous tip beneficial when considering whether the circumstantial evidence suggests Alkathi committed

insurance fraud.   However, the anonymous tip's probative weight does not outweigh the unfair prejudice to Alkathi.  *See, e.g.*, *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) ("'Unfair prejudice does not mean the damage to a [party's] case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis.'") (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993)).   The Court will therefore strike the anonymous tip from being brought into evidence.

PrimeOne argues that the anonymous tip is admissible under FED. R. EVID. 803(8) and as non-hearsay for its effect on the listener.  Even if the Court agrees, the evidence's prejudicial effect outweighs its probative value.  PrimeOne can present other evidence demonstrating why it investigated Alkathi's insurance claim.  For example, it can discuss the alleged motive the Hassan brothers had for submitting a false insurance claim.  Presenting the anonymous tip evidence can unfairly insinuate that the Hassan brothers paid Mr. Frazier, even without any direct evidence suggesting that occurred.  The Court agrees that the anonymous tip is relevant here.   But the undersigned cannot find that its probative value outweighs the significant prejudicial harm to Alkathi.  Accordingly, the Court will exclude references to the anonymous tip that someone paid Mr. Frazier to light the fire, and GRANT Alkathi's motion *in Limine* [#26].

## IV. CONCLUSION

For the reasons discussed above, the Court DENIES Plaintiff's Motion for Summary Judgment [#21].

The Court will GRANT Plaintiff's Motion *in Limine* [#26].

IT IS FURTHER ORDERED that a final pre-trial conference is scheduled for April 25, 2022, at 2:00 p.m.

IT IS FURTHER ORDERED that a trial is scheduled for May 17, 2022, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated:  February 3, 2022            /s/ Gershwin A. Drain
                                    GERSHWIN A. DRAIN
                                    UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 3, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager